IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

|                              |   |                              |
|------------------------------|---|------------------------------|
| UNITED STATES OF AMERICA,    | : |                              |
| v.                           | : | CASE NO.: 1:14-CR-29-4 (WLS) |
| CHRISTOPHER KINES,           | : |                              |
| Defendant.                   | : |                              |

## ORDER

Presently before the Court is Defendant Christopher Kines's Motion for Judgment of Acquittal or in the alternative, Motion for a New Trial. (Doc. 176.) On July 9, 2014, Kines was indicted for making false reports in violation of 18 U.S.C. § 1519 ("Count Five") and allegedly tampering with a witness, victim, or informant in violation of 18 U.S.C. § 1512(b)(3) ("Count Seven"). (Doc. 1.) On June 10, 2015, a jury returned a verdict finding Kines guilty of Count Seven and acquitting him of Count Five. At the close of the Government's case-in-chief and again at the close of all the evidence, Kines moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. Immediately after the Government's case-in-chief, in addition to adopting the arguments of his codefendants, Kines argued there was no evidence that his alleged false reporting was intentional. In the alternative, Kines also moved the Court for a new trial pursuant to Federal Rule of Criminal Procedure 33. The Court reserved ruling on Kines's pre-verdict motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. Thereafter, Kines filed a written supplement to his oral motion for judgment of acquittal and articulated his grounds for a new trial by written motion with permission of the Court. (Doc. 176.) The Government responded to both Kines's Motion for Judgment of Acquittal and Motion for New Trial. (Doc. 187.) The Court will consider both Kines's Motion for Judgment of Acquittal and Motion for New Trial in turn.

**I.     Kines's Motion for Judgment of Acquittal**

1

Kines asserts that "no rational trier of fact could have concluded he knowingly made false statements" to an Federal Bureau of Investigation ("FBI") agent as alleged in Count Seven. Since Kines was found not guilty of Count Five, the Court need only consider Kines's motion with respect to Count Seven. During Kines's oral argument in support of his Rule 29 Motion the Court allowed him to incorporate the oral arguments made by Codefendant Wade Umbach's Counsel.[1]

Under Federal Rule of Criminal Procedure 29, a defendant's motion for judgment of acquittal should be granted if the Court finds that "the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Thus, the Court "must determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt." *United States v. Mercer*, 541 F.3d 1070, 1074 (11th Cir. 2008) (citing *United States v. Ward*, 197 F.3d 1076, 1079 (11th Cir. 1999)). The conviction should be upheld unless the Court finds that "the jury could not have found the defendant guilty under any reasonable construction of the evidence." *United States v. Robles*, 283 F. App'x 726, 735 (11th Cir. 2008) (quoting *United States v. Chastain*, 198 F.3d 1338, 1351 (11th Cir. 1999)).

Courts are to construe the evidence in the light most favorable to the Government. *United States v. Maxwell*, 579 F.3d 1282, 1299 (11th Cir. 2009) (citing *United States v. Futrell*, 209 F.3d 1286, 1288 (11th Cir. 2000)). Accordingly, the Court must "resolve any conflicts in favor of the Government, [and] draw all reasonable inferences that tend to support the prosecution's case…." *Id.* (citing *United States v. Thompson*, 473 F.3d 1137, 1142 (11th Cir. 2006) and *Ward*, 197 F.3d at 1079). "The prosecution need not rebut all reasonable hypotheses other than guilt." *United States v. Sellers*, 871 F.2d 1019, 1021 (11th Cir. 1989) (citing *United States v. Bell*, 678 F.2d 547, 549 (5th Cir. 1982)). Thus, "[i]t is not enough for a defendant to put forth a reasonable hypothesis of innocence, because the issue is not whether a jury reasonably could have acquitted but whether it reasonably could have found guilt beyond a reasonable doubt." *Thompson*, 473 F.3d at 1142 (citing *United States v. Mieres-Borges*, 919 F.2d 652, 656 (11th Cir. 1990)). If a court reserves decision on the motion made

---

[1] The Court will address those arguments in support of Defendant Wade Umbach's Motion for Judgment of Acquittal by separate Order. (Doc. 253.) Thus, the Court's findings within the Order addressing Umbach's Motion are incorporated herein as to Defendant Kines.

2

at the close of the Government's evidence, the court "must decide the motion on the basis of the evidence at the time the ruling was reserved." Fed. R. Crim. P. 29(b).

Kines was acquitted by a jury as it relates to Count Five and found guilty by a jury of Count Seven for violation of 18 U.S.C. § 1512(b)(3). Count Seven of the indictment alleged that on or about November 5, 2013, in the Middle District of Georgia, Defendant Christopher Kines knowingly engaged in misleading conduct toward another person, and attempted to do so, with the intent to hinder, delay, and prevent communication to a federal law enforcement officer and judge of information relating to the commission and possible commission of the federal offense of Deprivation of Rights Under Color Law, as alleged in Count One. (Doc. 1.) Specifically, the indictment alleged that Kines made the following statements to Special Agents of the FBI: (1) that on or about September 15 to 16, 2012, Defendant Wiley Griffin IV, did not use force against Aaron Parrish; (2) and that Defendant Kines was the only person who struck Aaron Parrish. (*Id.*) In truth and in fact, the indictment alleges, Defendant Kines then well knew that Griffin, IV repeatedly hit Aaron Parrish in the face, causing him to suffer cuts, bleeding, swelling, bruising, and pain. (*Id.*)

To establish that Kines was guilty of the charged offense in Count Seven the Government was obligated to prove beyond a reasonable doubt that: (1) Kines engaged in or attempted to engage in misleading conduct towards another person, as alleged; (2) Kines acted with the intent to hinder, delay, or prevent the communication of the information alleged to a federal law enforcement officer or federal judge; and (3) the information related to the commission or possible commission of a federal offense. *United States v. Ronda*, 455 F.3d 1273, 1284 (11th Cir. 2006); *see also United States v. Jones*, 489 Fed. App'x 364, 366 (11th Cir. 2012)(unpublished).

As a result of the fact that Kines first moved for judgment of acquittal at the close of the Government's case-in-chief, the Court will consider the evidence offered by the Government in its case-in-chief as to each element of that charged offense and determine whether a reasonable jury could have found Kines guilty based on that evidence. Fed. R. Crim. P. 29. Because Kines moved for judgment of acquittal at the close of all the evidence

3

as well, the Court considers whether a reasonable jury could have found Kines guilty based on the Government's evidence taken together with evidence relied upon by Kines. *Id.*

Kines essentially argues that his Rule 29 motion should be granted because the Government presented no evidence that his alleged false reporting was intentional. The Court finds that the Government presented adequate evidence for a jury to convict Kines for violating 18 U.S.C. § 1512(b)(3), Count Seven. There was sufficient evidence for a jury to find that Kines intentionally engaged in misleading conduct and was aware of Wiley Griffin, IV's involvement in the incident as alleged in the indictment. At trial, the Government played an audio recording of Defendant Kines's interview with Agents Steve McDermond and John Parrish. (Ex. 18.) When asked whether he witnessed Wiley Griffin, IV hit Aaron Parrish, Kines stated that he did not see him. As noted by the Government, Kines's representation to Agent McDermond contradicted the testimony of Decatur County Sheriff's Office Deputy Nick Godwin, who testified that Kines specifically mentioned Wiley Griffin, IV as one of the officers involved. Kines's statements to the FBI that he did not see Wiley Griffin, IV and that he would have known if someone hit Aaron Parrish are also contradicted by the testimony of Wiley Griffin IV's former girlfriend Brooke Brown who testified that Wiley Griffin, IV admitted to her that he beat "someone with his flashlight" at the Bainbridge Bikefest, the testimony of Bikefest security officer Robbie Webb who testified he saw Wiley Griffin beating Mr. Parrish in the face, and the testimony of Decatur Country Sheriff's Office Deputy Vincent Edmonds who testified Wiley Griffin, IV discussed beating Aaron Parrish with him several times. Considering Kines's comments to federal law enforcement and additional testimony of various government witnesses, in addition to the record as a whole, enough evidence existed for a rational jury to conclude that Kines violated Count Seven as alleged, including a jury finding Kines intentionally made false statements. Nothing presented during Defendant's case-in-chief changes the Court's view that a rational trier of fact could find evidentiary support for the allegations in Count Seven and decide that Kines alleged actions were intentional. Taking into account all the Government's evidence, the circumstances as shown by the evidence, and all reasonable inferences as shown by the evidence, the evidence was sufficient to establish Kines's intent as required beyond a

reasonable doubt. Kines's Motion for judgment of acquittal and renewed motion for judgment of acquittal are **DENIED**.

## II. Kines's Motion for a New Trial

In the alternative, Kines moves the Court for a new trial under Federal Rule of Criminal Procedure 33. (Doc. 176.) Kines asserts five (5) specific arguments in his Motion before the Court and adopts arguments made by Defendants Umbach and Croley in their briefs in support of their motions for new trial. Kines fails to specify for the Court what arguments he is making in support of his Motion for Judgment of Acquittal or Motion for New Trial with respect to the adopted arguments from his codefendants' motions and also fails to apply those arguments to the particular facts of the charges against him. The Court will nevertheless address all arguments put forward by Kines.

A district court is permitted to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Different from a motion for judgment of acquittal where a court must view the evidence in a light most favorable to the verdict, when a party moves for a new trial "the court need not view the evidence in the light most favorable to the verdict." *United States v. Martinez*, 763 F.2d 1297, 1312 (11th Cir.1985). While the standard for granting a new trial based on the weight of the evidence is a broad one and is within the sound discretion of a district court judge, the Eleventh Circuit instructs district courts that motions for new trials should be granted "sparingly and with caution" and only in "really exceptional cases". *Id.* at 1312-13 (internal quotations and citation omitted). In cases where the evidence was sufficient to support a conviction, courts have only granted motions for new trial where "the credibility of the government's witnesses had been impeached and the government's case had been marked by uncertainties and discrepancies." *Id*; *See also Butcher v. United States*, 368 F.3d 1290, 1297 n. 4 (11th Cir. 2004). A district court cannot "reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable. The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Martinez*, 763 F.3d at 1312-13.

Kines appears to assert that a new trial in the interest of justice is required given the Court's alleged errors throughout the course of his trial in addition to arguments asserted by his codefendants alleging prosecutorial misconduct. Kines does not allege that any newly discovered evidence requires a new trial, so the Court will address Kines's contention the Court erred pursuant to Federal Rules of Criminal Procedure 33(a) and 33(b)(2). The arguments adopted by Kines and asserted by Codefendants Umbach and Croley are fully addressed by the Court's Order addressing Croley and Umbach's respective Motions for New Trial and incorporated as part of the present Order of the Court with respect to Kines. (*See* Docs. 252, 253.)[2]

### A. Kines's Arguments in Support of a New Trial Based on Alleged Court Error

Kines claims it would be a manifest injustice for the jury's verdict to stand and that a new trial is warranted because: (1) the Court erred by denying Kines's request for the identify of information related to an investigation by the Bureau ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮; (2) the Court erred by prohibiting Kines's attorney from cross examining Aaron Parrish regarding details of his civil complaint; (3) the Court erred by not allowing the admission of certain excerpts of Mr. Parrish's criminal trial in state court; (4) the Court erred by allowing witness Robbie Lynn Webb to testify as a rebuttal witness: and, (5) the Court erred by wrongfully admitting language in the Court's jury instruction submitted by the Government. Rather than establish a manifest injustice requiring a new trial, Kines in effect desires to re-litigate already decided issues and at points misconstrues the Court's prior orders. None of the alleged errors identified by Kines, either separately or taken together, constitute the need for a new trial in the interest of justice and the evidence does not preponderate heavily against the jury's verdict. The Court will address each of Kines's arguments in turn.

### 1. Kines's Request for the Identity of Confidential Informants

Kines contends that the Government was obligated to disclose the identity of confidential informants who supplied the Government with information regarding a separate

---

[2] The Court notes that for the record that since Kines failed to identify with particularity the arguments he intends to adopt, the Court is under no obligation to either guess or presume which arguments he desires to adopt or how he might intend to apply them to his own motions.

criminal investigation that allegedly established that witness Chip Nix had ongoing conversations with ▆▆▆▆▆▆▆ who was neither a witness nor defendant in this case. (Doc. 77.) On April 22, 2015, prior to trial, the Court denied without prejudice Kines's *Brady* and *Giglio* Motion (Doc. 109), regarding the same. However, considering that the trial had not begun, the Court acknowledged that it could not determine at that time with finality whether the identity of the informants was relevant or helpful to the case before the Court. (Doc. 109 at 6.) The Court further noted the Government's "affirmative duty to disclose all relevant evidence in accordance with the Court's orders" and the Rules. (*Id.*) On Friday, May 29, 2015, outside of the presence of the jury and the general public, the Court considered the Defendants' renewed request for evidence including ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆ investigative reports and information regarding confidential informants in the same unrelated and apparently ongoing criminal investigation addressed in prior *Brady* and *Giglio* motions. (Doc. 147.) As a basis for the Court granting Defendants' request for evidence related to the identification of confidential informants, Defendants argued that rather than relying on Federal Rule of Evidence 608, they relied on Federal Rule of Evidence 404(b) as grounds for admitting such evidence. The Court rejected Defendants' request to introduce evidence related to the ▆▆ reports and found that they were "barely attenuated" to the present case. Consistent with the Federal Rules of Evidence, the Court finds that the admission of such evidence would have been far more prejudicial than probative. *United States v. Ford*, 784 F.3d 1386, 1393 (11th Cir. 2015)("Whether offered under Rule 404(b) or as intrinsic evidence, the district court must find that the probative value of the proffered evidence is not substantially outweighed by unfair prejudice and that it meets the other requirements of Rule 403.")(citations omitted).

    As it applied to the identity of the confidential informants, the Court determined that providing the identity was "neither essential to the fair determination of the case before the Court nor essential to the defense, and given the described nature of the information requested, the likely testimony of the requested informants would not be relevant or helpful in the present case." (Doc. 147 at 3.) While the Court's rationale can be fully referenced in its past Order (Doc. 147), it reminds Kines that "the disclosure of an informer's identity, or the

7

contents of his communication" can be withheld by the Government unless "it is helpful to the defense of an accused, or is essential to a fair determination of cause." *Roviaro v. United States*, 353 U.S. 53, 59 (1957). In the view of the Court now, and as previously aforementioned, the identity of confidential informants in an unrelated ▮ investigation, was "neither essential to the fair determination of the case before the Court nor essential to the defense" of Kines and would not be helpful in Kines's case. (Doc. 147 at 3.) The apparent purpose of seeking and using this information was to impeach witness Chip Nix. Given the considerable substantive evidence and testimony allowed for the purpose of attacking the credibility of Nix directly relating to the facts of the crimes before the jury, the requested information was surplusage at best and would likely have caused confusion for the jury about a totally unrelated matter.

2. **Kines's Argument the Court Erred in Limiting the Scope of Cross Examination Regarding Aaron Parrish's Pending Civil Complaint.**

Kines's contention that the Court erred by limiting the scope of his cross-examination of Aaron Parrish is faulty as well. On February 27, 2015, the Government filed a Motion *In Limine* to Exclude Improper Impeachment Evidence including any evidence concerning the fact that Aaron Parrish filed a civil lawsuit against the Defendants in this case, Decatur County, and two additional members of the Decatur County Sheriff's Office, besides the fact that a civil suit existed. (Doc. 82.) The Court in a prior Order (Doc. 108) narrowly restricted mention of Parrish's civil suit and ordered that "Defendants cannot introduce legal standards or assertions asserted in Parrish's civil suit distinguishable from the present criminal matter before the Court." (*Id.* at 3.) As explained in great detail in the Court's prior Order, the limited restriction on referencing Parrish's civil suit ensured "that jury members do not view the present criminal matter as analogous" to the civil case before the Court. (*Id.* at 3-4.) The Court also indicated in its prior Order that "[t]he Court can, during trial or at a time prior to trial, choose to further restrict or expand the introduction of evidence at its discretion as the evidence and issues require." (*Id.* at 4.)

After Umbach's attorney cross-examined Parrish regarding the existence of the related civil suit, Kines's counsel attempted to impeach Parrish with specific allegations from within his civil complaint that Kines's counsel could not verify were statements of Parrish.

8

The Government objected to Kines's attempt to cross-examine Parrish relying on the allegations in the civil complaint. The Court prohibited Kines's counsel from cross-examination relying on assertions made in Parish's civil complaint for impeachment purposes since Kines's counsel could not show the statements in the civil suit were verified by Parrish. (*See* Doc. 194 at 16-18.)

Kines, separately and in coordination with counsel for his codefendants, had an adequate opportunity to effectively cross-examine Parrish. Nevertheless Kines contends that the Court erroneously prohibited him from using allegations within Parrish's civil complaint for impeachment purposes. Although the Confrontation Clause affords a party the ability to cross-examine a witness, the scope of that cross-examination cannot be in whatever fashion an attorney might desire. *Kentucky v. Stincer*, 482 U.S. 730, 739 (1987)("Of course, the Confrontation Clause guarantees only 'an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'")(citations omitted). Courts have broad discretion in reasonably limiting the scope of cross-examination where there are concerns about "among other things, harassment, prejudice, confusion of the issues, the witness's safety, or interrogations that [are] repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 685 (1986).

Consistent with the Court's prior Order (Doc. 108), the Court determined that the introduction of allegations within the civil complaint, not verified as statements made by Parrish, would conflate the civil case with the criminal trial before the Court and confuse the jury. As noted by the Court during trial and still not refuted by Kines, the allegations within Parrish's civil case appeared to the Court to be "allegations … filed on a person's behalf by counsel" and not substantive sworn statements by Parrish. Therefore, the Court determined that for impeachment purposes the allegations within the civil suit could not be referenced. The permitted cross-examination allowed Kines's counsel and his codefendants to establish the existence of Parrish's civil suit against defendants and others and Parrish's decision to proceed with that action. The jury was well aware that the Parrish's interest in his civil suit against defendants could affect his credibility. Parrish's bias on that account was the only matter of relevance with respect to the civil suit for the jury in this case. Parrish's alleged bias

was clearly before the jury. Examination with regard to unverified statements in a civil action with a high probability of conflating the issues in the criminal case with different legal standards could confuse the jury unnecessarily. As a result, the Court's restriction on the scope of Kines's reliance on Parrish's civil suit was appropriate.

### 3. Kines's Argument the Court Erred in Excluding Exhibits

Kines also argues that the Court erred by excluding three of Kines's tendered exhibits. According to Kines, the three exhibits excluded involve testimony from Kines during Parrish's criminal trial that further describe his account of the altercation, related statements suggesting the events happened within ten to fifteen seconds, and a reiteration of the same idea that everything happened quickly. Kines argues that the Court should have admitted exhibits K22a, K22b, and K22c during the Government's case in accordance with the rule of completeness under Federal Rule of Evidence 106 or, alternatively, under a hearsay exception under Federal Rule of Evidence 807(a). Kines is incorrect that either rule cited obligated the Court to admit the three exhibits during the Government's case.

On June 5, 2015, after witness Charles Macon Moore II was released without objection, Kines's counsel sought to introduce the three exhibits at issue. (*See* Doc. 198 at 81.) The Government objected to the introduction of those exhibits and asserted their relevance had not been established. (*Id.* at 83.) When asked by the Court if Kines's testimony during Parrish's criminal trial was testimony of a witness in this case, Kines's counsel said that it was not. (*Id.*) As a result, the Court sustained the Government's objection.

The evidence excluded did not offend the rule of completeness. Where one party "introduces all or part of a writing or recorded statement, [the] adverse party may require the introduction, at that time, of any other part… that in fairness ought to be considered at the same time." Fed. R. Evid. 106. However Rule 106, commonly referred to as the rule of completeness, "does not automatically make the entire document admissible." *United States v. Lanzon*, 639 F.3d 1293, 1302 (11th Cir. 2011)(quoting *United States v. Simms*, 385 F.3d 1347, 1359)(internal quotations omitted). Instead, the rule only permits the introduction of additional materials that are relevant and necessary to "qualify, explain, or place into context the portion already introduced." *Id.* The Court determined that the three exhibits offered by

10

Kines were neither relevant nor necessary for completeness purposes. Exhibit 22a introduced by the Government involving Kines's testimony during Parrish's criminal case evinces that the events happened quickly. (Doc. 165-14 at 1, ¶¶ 4-5)("Oh yes. I mean, all this happened in, like I said, a matter of seconds."); (*Id.* at 2, ¶¶ 6-10)("I don't remember punching him in the face but, you know, whatever. Like I said, it happened so fast that I couldn't tell you where—I tried to—tried to strike him in his jugular or, you know, his artery, carotid artery, which is a pressure point.") The inclusion of evidence reiterating the fact that the events happened quickly, particularly when Kines's Counsel already acknowledged it was not the testimony of any witness testifying in this case, was not necessary under the rule of completeness.

Kines is also incorrect that the three exhibits should have been admitted pursuant to an exception recognized under Federal Rule of Evidence 807(a). Rule 807(a) allows a hearsay statement to be admitted in instances where: (1) a statement has "equivalent circumstantial guarantees of trustworthiness"; (2) a statement "is offered as evidence of a material fact"; (3) a statement is "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts" and; (4) a statement being admitted "will best serve the purposes of these rules and the interest of justice." Fed. R. Evid. 807(a). The exceptions listed under Rule 807(a) are intended to be used only in exceptional circumstances. *Rivers v. United States*, 777 F.3d 1306, 1311 (11th Cir. 2015)(citations omitted.) Those exceptional circumstances exist only "when certain exceptional guarantees of trustworthiness exist and when high degrees of probativeness and necessity are present." *Id.* at 1312.

Kines did not provide the Court with exceptional circumstances necessitating the admission of the three proffered exhibits pursuant to the residual hearsay exceptions. While Kines's prior trial testimony does provide a degree of trustworthiness as to what his testimony at that trial was, Kines's perspective of the events was not offered as a material fact at trial, has not been shown as more probative than other evidence Kines could have obtained and introduced by thorough and reasonable effort, and in the view of the Court

11

was not necessary to best serve the interest of justice. Fed. R. Evid. 403. As such, both under Federal Rules of Evidence 106 and 807(a) Kines's argument in support of a new trial fails.

### 4. Kines's Argument that the Court Erred in Allowing Robbie Lynn Webb as a Rebuttal Witness

Kines next argues that the Court erred by allowing the Government to call Robbie Lynn Webb as a witness during the Government's rebuttal case. According to Kines, Webb was actually not a rebuttal witness. As a general matter, district courts are given great discretion in deciding what evidence or testimony is admissible during a rebuttal case during trial. *United States v. Benford*, 479 Fed. App'x 186, 192 (11th Cir. 2011)(citations omitted). District courts should permit the introduction of evidence that proves or disproves material facts in a case, even though a previous witness has testified to the contrary. *Id.* Such testimony may be admitted in a rebuttal case. *Id.*

During trial as part of the Government's rebuttal, the Government called Robbie Lynn Webb to contradict testimony from Dwayne Williams, a witness called by Defendants, whose testimony could be construed as implying Parrish was injured by making contact with a trailer hitch. To rebut the Defendants' suggested cause of Parrish's injuries, the Government called Webb who testified that he saw Wiley Griffin hitting Parrish "up side of the head." (Doc. 199 at 34, ¶¶ 1, 25-35.) The Government's contention, both made during trial and in their response to Kines's Motion, notes that their intention was to disprove Williams's prior testimony. In the view of the Court, and consistent with case law within the Eleventh Circuit, admission of testimony by Webb for this purpose was clearly proper during the Government's rebuttal case. As a consequence, Kines's argument that Webb should not have been allowed to testify as a rebuttal witness fails.

### 5. Kines's Argument that the Court Erred in Including Government's Jury Instruction Number 22

Kines last contends that the Court erred in its instruction to the jury on 18 U.S.C. § 1512(b)(3) and argues that, amongst other things, the instruction was confusing, argumentative, incorrect, redundant, superfluous, and a constructive amendment of the indictment. (Doc. 178 at 18-19.) As it relates to 18 U.S.C. 1512(b)(3) the Court instructed the jury as follows:

12

To find Defendants Umbach and Kines guilty of Count Six and Seven respectively, in violation of 18 U.S.C. § 1512(b)(3), the Government must prove each of the following facts beyond a reasonable doubt:

(i) That the Defendant knowingly engaged in misleading conduct toward another person, as alleged;

(ii) That the Defendant acted with the intent to hinder, delay, or prevent the communication of the information alleged and that it was reasonably likely that the information would have been provided to a federal law enforcement officer or federal judge; and

(iii) That the information related to the commission or possible commission of a federal offense.

"Misleading conduct" includes knowingly making a false statement and intentionally omitting information from a statement and thereby causing a portion of such statement to be misleading with the intent to mislead.

The Government must show that the defendant acted with the intent to hinder, delay, or prevent the communication of truthful information, and that there was a reasonable likelihood that, absent the alleged conduct, the information would have been provided to federal law enforcement authorities. In determining whether the defendant acted with the intent to hinder, delay or prevent communication of truthful information, you may consider whether the defendant acted with the purpose of preventing the transfer of truthful information to law enforcement officers or courts generally. This fact may be proven by evidence that the defendant acted with the purpose of preventing the transfer of truthful information to federal law enforcement officers or federal courts generally.

The Government is not required to establish that the defendant intended to keep truthful information from a specific federal law enforcement officer or a specific federal judge, or that the defendant knew that the persons from whom he intended to conceal truthful information were federal law enforcement officers or judges.

In determining whether the defendant had the required intent, you should consider all the circumstances of the case, including, among other things, the following: (1) the defendant's knowledge, experience and training regarding permissible uses of force; (2) the defendant's knowledge, experience and training regarding the preparation of police reports; (3) whether the defendant knew that incidents of excessive force are investigated by federal authorities; and (4) any other circumstances as shown by the evidence which might assist you in determining defendant's knowledge and intent.

> To satisfy the final element of Section 1512(b)(3), the Government must prove that the truthful information a defendant intended to conceal related to the commission or possible commission of a federal offense. Because the statute explicitly refers to the possible commission of a federal offense, the Government need not prove that any person was actually guilty of any underlying federal offense.

(Doc. 161 at 20-22.)

Kines contends the Court's instruction requires a new trial in the interest of justice. The Court disagrees. District courts have broad discretion in formulating a jury charge as long as the charge accurately reflects the law and facts. *United States v. Richardson*, 233 F.3d 1285, 1292 (11th Cir. 2000). For a new trial to be granted based on a jury instruction not given a movant must show that an instruction "was (1) correct; (2) not substantially covered by other instructions that were given; and (3) 'so vital that failure to give the requested instruction seriously impaired the defendant's ability to defend himself.'" *United States v. Fallen*, 256 F.3d 1082, 1090 (quoting *United States v. Gonzalez*, 122 F.3d 1383, 1388 (11th Cir. 1997)).

The Court's instruction is consistent with 18 U.S.C. § 1512(b)(3), the indictment, the pertinent case law, and adjusted to the evidence. Kines argues that the Court's instruction is incorrect but only elaborates that the Court's instruction "failed to explain, in simple terms, that Mr. Kines could not be convicted unless he actually observed or had knowledge that Mr. Griffin 'repeatedly struck [Mr. Parrish] in the face, causing him to suffer cuts, bleeding, swelling, bruising and pain.'" (Doc. 178 at 20.) Kines's criticism is absent a full and accurate review of 18 U.S.C. § 1512(b)(3) and the Court's instructions as a whole. The Court instructed the jury that it should consider, amongst other things, "whether the defendant knew that incidents of excessive force are investigated by federal authorities" and engaged in misleading conduct. (Doc. 161 at 20-22.) Further, the Court specifically instructed the jury that the Government had to prove Kines "knowingly" engaged in misleading conduct as alleged and that Kines "acted with the intent to hinder, delay, or prevent" the communication of information as alleged in the indictment. Contrary to Defendant's argument, the question for the jury was not simply whether his alleged statements were false as alleged, but further, whether he intended by them to hinder or delay an investigation as

alleged. Other than summarily criticizing the Court's instruction, Kines fails to identify for the Court how the pertinent law was not encompassed therein or how his limited proposed instruction, as stated without more, was both vital and not covered by the instructions given. (*See* Doc. 125 at 26.) Absent a "substantial and eradicable doubt as to whether the jury was properly guided in its deliberations" by the court's instructions as a whole, a movant's call for a new trial will fail. *United States v. Lebowitz*, 676 F.3d 1000, 1014 (11th Cir. 2012). Kines's argument does not provide the Court with a specified rationale how the jury was improperly guided by the jury instructions. Kines has not demonstrated a need for a new trial in the interest of justice nor presented evidence that preponderates heavily against the jury's verdict. Kines's Motion for a New Trial is **DENIED**.

## CONCLUSION

For the aforementioned reasons along with the reasons stated in the Court's Orders addressing Defendants Croley and Umbach's motions (Docs. 252, 253), Kines's Motion for Judgment of Acquittal and Motion for New Trial are **DENIED**. (Doc. 176)

**SO ORDERED**, this  14th  day of March, 2016.

/s/ W. Louis Sands  
**W. LOUIS SANDS, SR. JUDGE**  
**UNITED STATES DISTRICT COURT**